UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPRESS COMPANIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MITEL TECHNOLOGIES, INC., *et al.*, <br><br> Defendants. | CASE 12-CV-2818 W (MDD) <br><br> **ORDER GRANTING DEFENDANT LEASING'S 12(b)(3) MOTION [DOC. 15]** |

Pending before the Court is Defendant's motion pursuant to Fed. R. Civ. P. 12(b)(3). (*MTD* [Doc. 15]; *Reply* [Doc. 29]) Defendants oppose. (*Opp'n* [Doc. 25].) The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons discussed below, the Court **GRANTS** Defendant's motion.

//
//
//
//

## I.  BACKGROUND

According to the First Amended Complaint, Plaintiff Express Companies Inc. ("Express") has been offering safety training courses and products related thereto since 1993. (*FAC* [Doc. 1-2] ¶¶12, 13.) Since 1997, Express has been advertising and selling its products and services on the Internet. (*Id.* ¶ 13.) Express "has no brick-and-mortar" stores and therefore "relies entirely on the Internet and telephone for the sales of its products and services. As such, reliable, consistent, and fast Internet and voice capabilities are of utmost importance" to the company. (*Id.* ¶ 14.)

In early 2009, Mitel Technologies, Inc. ("Technologies") and Mitel Leasing, Inc. ("Leasing") (collectively, "MITEL"), telecommunications providers, approached Express and "solicited its business for Express' telecommunications platforms." (*FAC* ¶ 15, 16.) Express ultimately bought the "Mitel TotalSolution Program" from MITEL. (*FAC* ¶ 20.) Express entered into two agreements in connection with the "Mitel TotalSolution Program," one with Technologies and one with Leasing. In the agreement between Express and Leasing, the following venue selection clause was included:

> 17. MISCELLANEOUS: . . . THIS LEASE . . . SHALL BE GOVERNED BY THE LAWS OF THE STATE OF TEXAS. YOU AGREE THAT THE COURTS OF THE STATE OF TEXAS FOR HARRIS COUNTY OR ANY FEDERAL DISTRICT COURT HAVING JURISDICTION IN THAT COUNTY SHALL HAVE JURISDICTION AND SHALL BE THE PROPER LOCATION OR VENUE FOR THE DETERMINATION OF ALL DISPUTES ARISING UNDER THE LEASE. You agree and consent that we may serve you by registered or certified mail, which shall be sufficient to obtain jurisdiction. Nothing stated in this lease is intended to prevent us from commencing *any* action in any court having proper jurisdiction. You waive trial by jury in any action between us.

(*Exhibt A to FAC* [Doc. 1-2] ¶ 17.)

Despite MITEL's promises, the "TotalSolution" that Express purchased never lived up to Express' expectations. (*See generally FAC*.) In light of numerous disagreements about the performance of all parties under the agreement, Express filed a Complaint against Technologies, Leasing, and John. L. Gardner, Esq. in California state court. On September 18, 2012, Express filed its First Amended Complaint, which

1  is the operative complaint.  The FAC alleges the following twelve causes of action
2  against Defendants: (1) breach of contract; (2) breach of covenant of good faith and
3  fair dealing; (3) breach of warranty; (4) deceit; (5) misrepresentation; (6) negligent
4  misrepresentation; (7) negligence; (8) negligent hire; (9) wrongful use of civil
5  proceedings (malicious prosecution; (10) abuse of process; (11) trespass to chattel; and
6  (12) conversion. On November 12, 2012, Defendants removed the case to this Court.
7  (*Notice of Removal* [Doc. 1].)  On the same day, Technologies moved to dismiss the
8  Complaint, and in the alternative, to strike portions of the complaint.  (*Mitel's MTD*
9  [Doc. 4]; *Mitel's MTS* [Doc. 5].)  On November 28, 2012, John Gardner followed suit
10 and filled a motion to dismiss. (*Gardner's MTD* [Doc. 13].)  On the same day, Leasing
11 filed a 12(b)(3)motion.  (*MTD* [Doc. 15].) All of these motions are currently pending
12 before the court.

## II.   LEGAL STANDARD

15     Rule 12(b)(3) provides that a court may dismiss a claim for improper venue.  See
16 Fed. R. Civ. P. 12(b)(3).  In such cases, unlike motions to dismiss under Rule 12(b)(6),
17 the court hearing the Rule 12(b)(3) motion need not accept the allegations of the
18 pleadings as true. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996).
19 Once venue is challenged, the burden is on the plaintiff to show that venue is properly
20 laid.   Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir.
21 1979); Bohara v. Backus Hosp. Medical Benefit Plan, 390 F. Supp. 2d 957, 960 (C.D.
22 Cal. 2005); King v. Vesco, 342 F. Supp. 120, 125 (N.D. Cal. 1972).  Facts supporting
23 venue may be established through evidence outside of the pleadings, such as affidavits
24 or declarations.  Argueta, 87 F.3d at 324.

25     A motion to dismiss pursuant to a forum selection clause in a contract is to be
26 treated as motion to dismiss for improper venue under Rule 12(b)(3). Argueta, 87 F.3d
27 at 324.  The enforceability of a forum selection clause is determined by federal law.
28 American Home Assurance Co. v. TGL Container Lines, Ltd., 347 F. Supp. 2d 749,
   755 (N.D. Cal. 2004).  Forum selection clauses are prima facie valid and should not be

set aside unless it can be shown that such a provision is unreasonable under the circumstances. <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 10 (1972); <u>Argueta</u>, 87 F.3d at 325.

### III.   DISCUSSION

The Supreme Court has construed the "unreasonable under the circumstances" exception narrowly. A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power, <u>Carnival Cruise Lines v. Shute</u>, 499 U.S. 585, 591 (1991); <u>Bremen</u>, 407 U.S. at 12-13; (2) the selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court," <u>Bremen</u>, 407 U.S. at 18; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. <u>Id.</u> at 15. To establish the unreasonableness of a forum selection clause, Appellants have the "heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court." <u>Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.</u> 741 F.2d 273, 280 (9th Cir. 1984) (citing <u>Bremen</u>, 407 U.S. at 18).

Here, Leasing argues that this entire action should be dismissed because the lease agreement sets venue in Harris County, Texas. (*MTD* 2.) Express does not contest that the venue provision exists, but instead argues that it is (1) permissive and not mandatory, (2) unconscionable and therefore unenforceable, and (3) unreasonable and therefore unenforceable. The Court disagrees.

### A.   **Permissive Versus Mandatory Forum Selection Clauses**

Leasing first argues that the forum selection clause is permissive, not mandatory, and that it should not be enforced. Specifically, Leasing argues that although the clause says "THE COURTS OF THE STATE OF TEXAS FOR HARRIS COUNTY OR ANY FEDERAL DISTRICT COURT HAVING JURISDICTION IN THAT

1  COUNTY SHALL HAVE JURISDICTION AND SHALL BE THE PROPER
2  LOCATION OR VENUE FOR THE DETERMINATION OF ALL DISPUTES
3  ARISING UNDER THE LEASE," such a clause is not mandatory because it contains
4  no language such as "sole" or "exclusive." (*Opp'n* 6.)  However, the Ninth Circuit has
5  held that the following forum selection clause was mandatory:

> This agreement shall be deemed to be a contract made under the laws of the State of Virginia, United States of America, and for all purposes shall be interpreted in its entirety in accordance with the laws of said State. Licensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia. Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia.

Docksider, Ltd. v. Sea Technology 875 F.2d 762, 763-64 (9th Cir. 1989).  The agreement here is almost identical.  Just like the forum selection clause in Docksider, the clause here includes mandatory language that venue for all actions arising from this agreement will be in Harris County courts.  Express does not present any argument to distinguish Docksider from the present case, nor can it.  Thus, the Court finds that the forum selection clause at issue here is mandatory.  The Court must now determine if the forum selection clause is otherwise unenforceable.

### B.    The Forum Selection Clause is Not Unconscionable

Next Express argues that the contract is "clearly one of adhesion" and also unconscionable because "it purports to give [Leasing] an unqualified right to sue in whatever "proper" jurisdiction it pleases and to request a jury while contractually denying Express the same opportunity."  (*Opp'n* 7.)  Express' arguments are unpersuasive.

First, Express provides no substantive argument to show that the agreement is a contract of adhesion apart from its conclusory allegation that "[t]he contract is one of adhesion–pages and pages of tiny type in a form agreement–and satisfies procedural unconscionability of both tests articulated above."  (*Opp'n* 7.) However, the "tests articulated above" mention nothing about "pages and pages" of small type.  This line

of argument is woefully insufficient to refute the assumption that the venue provision is prima facie valid.

Second, and equally insufficient, is Express' argument that the agreement is "substantively unconscionable in its unilateral nature that both tries to force EXPRESS to litigate issues with equipment that was sold by a San Diego Mitel Branch to a Teaxas entity solely for the purposes of the TSP Service Agreement, in which both parties–[Technologies] and Express–are in San Diego." (*Opp'n* 8.) According to Express, "[t]he agreement most decidedly 'allocates the risks of the bargain in an objectively unreasonable or unexpected manner.'" (*Opp'n* 8.) Noticeably absent from this argument is any discussion as to how the "unilateral nature" of this agreement makes it unconscionable. Thus, Express has failed to establish the agreement was unconscionable.

### C. The Forum Selection Clause is Not Unreasonable

Next, Express argues that the forum selection clause is unreasonable because it would split "inextricably intertwined" litigation and give rise to the possibility of conflicting judgments. (*Opp'n* 7-10.) However, Express never applies the "unreasonableness" standards applicable to forum selection clauses as mandated by the Supreme Court.

First, Express does not show that the clause was incorporated into the contract as a result of fraud, undue influence, or overweeining bargaining power. Carnival Cruise Lines, 499 U.S. at 591; Bremen, 407 U.S. at 12-13. Second, Express does not explain why the selected forum is so "gravely difficult and inconvenient" that it will "for all practical purposes be deprived of its day in court." Bremen, 407 U.S. at 18. Third, Express fails to explain how enforcement of the clause would contravene a strong public policy of this Court. Id. at 15. Thus, Express has failed to meet its "heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court." Pelleport, 741 F.2d at 280

(citing <u>Bremen</u>, 407 U.S. at 18).  Without more, the Court cannot find that the forum selection clause is unreasonable.

### IV. CONCLUSION

In light of the foregoing, the Court finds that the forum selection clause is valid and enforceable.  For these reasons, the Court **GRANTS** Defendant Leasing's motion. [Doc. 15.] It is **FURTHER ORDERED** that Express and Leasing submit five page supplemental briefs on the following two issues by <u>October 15, 2013</u>:

- In light of the fact that the Court has granted Leasing's 12(b)(3) motion, should Express' claims against Leasing be dismissed, or transferred?
- Assuming these claims are to transferred, which court should they be transferred to?

In lieu of submitting supplemental briefing, the Express and Leasing may meet and confer on the two issues above, and if both agree, submit a joint motion to the Court answering both questions.  Such joint motion shall be submitted on or by <u>October 15, 2013</u>.

**IT IS SO ORDERED.**

DATED:  September 30, 2013

_____
Hon. Thomas J. Whelan
United States District Judge